IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| NEW LIFESTYLES, INC., *et al.,* )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>CALO YOUNG ADULTS –  )<br>WINCHESTER, LLC, *et al.,*  )<br>)<br>Defendants.  ) | Civil Action No. 5:21cv00007<br><br>**MEMORANDUM OPINION**<br><br>By:   Hon. Thomas T. Cullen<br>        United States District Judge |

Plaintiffs in this case are two entities—Properties of Winchester, LLC, and Cuave Family Properties, LLC—who own properties in Winchester, Virginia, and their leasing agent, New Lifestyles, Inc. Plaintiffs leased four properties to Defendant Calo Young Adults – Winchester, LLC ("Calo"), for use in a residential treatment program and as office space. Plaintiffs now bring suit against Calo and its parent company, Solacium Holdings, LLC ("Solacium"), alleging that Defendants caused significant damage to the leased properties during the term of the leases. The complaint alleges seven counts against both defendants: four counts of breach of contract (one for each lease), one count of waste, one count of negligence, and one count of conversion. Solacium now moves to dismiss five of the claims against it—the four breach of contract claims and the waste claim. It also moves to dismiss what it characterizes as a piercing-the-veil claim.

The basis for Solacium's motion to dismiss is that it is not a party to the four leases and therefore cannot be held liable for breach of those leases or alleged waste as a tenant pursuant to them. Because Plaintiffs present no viable legal theory under which Solacium

could be liable for breach of the leases—and therefore present no theory under which Solacium could be liable for waste as a tenant—the court will grant Solacium's motion to dismiss with respect to counts one through five of the complaint. Because there is no piercing-the-veil claim in the complaint, the court will deny the motion to dismiss with respect to that argument.

## I. ANALYSIS

Solacium first argues that the court should dismiss any claims premised on alter ego (or piercing-the-veil) liability. But as Plaintiffs point out in their response, there are no such claims in the complaint. Every claim in the complaint is based on each defendant's own actions. (*See generally* ECF No. 1-1.) The court will therefore deny Solacium's motion to dismiss insofar as it seeks to dismiss a nonexistent alter-ego liability claim.

Solacium also argues that the court should dismiss the breach of contract claims against it. Those claims are brought under two alternative legal theories: (1) that Solacium acted as Calo's agent; and; (2) that Solacium assumed the leases from Calo. Solacium counters that it cannot be held liable for Calo's breach of the leases under an agency theory, and that it cannot be held directly liable as having assumed the leases. It is correct on both counts.

Even assuming that Solacium acted as Calo's agent, it cannot be held liable for breaches of contract perpetrated by Calo on that basis. It is a long-established rule in Virginia (and the law generally) that an agent may not be held personally liable for a breach of contract committed by its principal. *See Lambert v. Phillips & Son*, 64 S.E. 945, 946 (Va. 1909); *Richmond Union Passenger Ry. Co. v. N.Y. & Sea Beach Ry. Co.*, 28 S.E. 573, 576 (Va. 1891); *Allaun v. Scott*, 59 Va. Cir. 461 (2002) ("It is a long established rule in Virginia that agents are not personally

2

liable on contracts made in the name of a principal."). Plaintiff disagrees and cites *Miller v. Quarles*, 410 S.E.2d 639 (Va. 1991), to support the proposition that it may bring breach of contract actions against Solacium based on its alleged agency relationship with Calo. This misreads *Miller*, which does not countenance contract actions against agents, only tort actions. Indeed, the plaintiff in *Miller* conceded that they had no contract action against the agent in that case. *See Miller*, 410 S.E.2d at 641 ("Although Miller and Burks concede that Quarles is not liable for breach of Capital's contract with Colonial, they contend that Quarles is liable for his negligence in the performance of that contract."). Instead, the plaintiffs in *Miller* sought to hold an agent liable for his negligence in performing a contract to which they were a party. Such liability—in tort, for negligence—is different from what Plaintiffs seek to impose in this case. Plaintiffs do not allege that Solacium negligently *performed* the contract between Plaintiffs and Calo, only that Solacium is liable in contract for breach of the leases between Plaintiffs and Calo. That is not a viable theory of liability under Virginia law.

Solacium also argues that insofar as the breach of contract claims are based on its alleged assumption of the leases, they fail under the statute of frauds. Once again, Solacium is correct. As both parties acknowledge, an assumption of a lease is subject to the statute of frauds in Virginia. (*See* ECF No. 12 at 9; ECF No. 15 at 5.) Virginia Code section 11-2 provides that:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought . . . [t]o charge any person upon a promise to answer for the debt, default, or misdoings of another. . . .

3

This section plainly applies to an agreement to assume a lease. *See Mack v. Orion Inv. Corp.*, No. CL01-1593, 2002 Va. Cir. LEXIS 468, at *14 (Norfolk Cir. Ct. Mar. 5, 2002). Plaintiffs, however, have not pleaded (and do not argue) that Solacium assumed the relevant leases in writing. Rather, Plaintiffs assert that Solacium performed under the leases and argue that the doctrine of partial performance allows an action to be brought even though the alleged assumptions were not in writing. Solacium, in turn, contends that the doctrine of partial performance only applies in equitable actions seeking specific performance.

The statute of frauds bars any action based on Solacium's alleged assumption of the leases between Calo and Plaintiffs. Virginia follows the majority rule that partial performance only removes an oral agreement from the statute of frauds in an action in equity seeking specific performance. *See Lance J. Marchiafava, Inc. v. Haft*, 777 F.2d 942, 946 (4th Cir. 1985); *Ricks v. Sumler*, 19 S.E.2d 889, 891 (Va. 1942); *Applicability of doctrine to contracts or sales of land—Limitation to equitable relief*, 10 Williston on Contracts § 28:4 (4th ed.) ("Because the part-performance rule is an equitable doctrine, it has generally been held that the doctrine has no application when the only relief sought by the plaintiff is money damages rather than equitable relief."). Plaintiffs' briefing cites three cases to support their position, but none applies here. All three cases concern actions seeking specific performance, and the opinion in one expressly notes that enforcement on the basis of partial performance is only available in equitable actions for specific performance. *See Va. Home for Boys & Girls v. Phillips*, 688 S.E.2d 284 (Va. 2010) (seeking specific performance); *Williams v. Heller Bros. Realty*, 326 S.E.2d 661 (Va. 1985) (same); *Plunkett v. Bryant*, 45 S.E. 742, 744 (Va. 1903) ("Courts of equity, in their efforts to do complete justice and prevent fraud, have in certain cases relaxed the operation of the statute, and decreed

4

the specific performance of a parol agreement for the sale of land, where the contract has been clearly and distinctly proved, and part performance in pursuance of the agreement established.").

Plaintiffs raised two additional federal cases at oral argument, *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836 (4th Cir. 2004), and *Elderberry of Weber City, LLC v. Living Centers – Southeast, Inc.*, 971 F. Supp. 2d 575 (W.D. Va. 2013). Again, neither case supports their position. *T.G. Slater* is entirely distinguishable, invoking the partial performance doctrine in a case where the plaintiff sought enforcement of specific contractual duties and where plaintiff had alleged written memoranda of the oral contract. 385 F.3d at 841–42. *Elderberry* is even further removed, relying expressly on the existence of written documentation of the relevant contract. 971 F. Supp. 2d at 589. Without the doctrine of partial performance, Plaintiffs cannot bring claims against Solacium based on its alleged assumption of the relevant leases. Those claims fall under Virginia Code section 11-2, as quoted above, which bars any such action unless the relevant agreement (here the purported assumption) is in writing. Because both legal theories underlying Plaintiffs' breach of contract claims against Solacium are flawed, the court will dismiss counts one through four against Solacium.

Solacium's final argument is that it cannot have committed waste under Virginia law because it was not a tenant of the relevant properties. Waste is defined in Virginia common law as "a destruction or material alteration or deterioration of the freehold, or of the improvements forming a material part thereof, by any person rightfully in possession, but who has not the fee title or the full estate." *Chosar Corp. v. Owens*, 235 Va. 660, 663 (Va. 1988). Solacium argues that because it was not a party to the lease, it was not a "person rightfully in

5

possession" of the relevant properties. Plaintiffs' only response to this argument is to argue that Solacium assumed the leases, rendering it a tenant in possession of the properties. (*See* ECF No. 15 at 7.) In fact, Plaintiffs explicitly tie the success of their waste claim against Solacium to the success of their breach of contract claims, relying solely on the leases to establish that Solacium was a "person rightfully in possession." (*See id.*) As discussed above, Virginia law bars Plaintiffs from bringing an action based on Solacium's alleged assumption of the leases. By Plaintiffs' own admission, then, Virginia law also bars their waste claim.

## II.   CONCLUSION

For the reasons stated above, Solacium's motion (ECF No. 11) is granted in part and denied in part. Because Plaintiffs have not presented any viable legal theory under which Solacium could be held liable for breach of contract or waste, counts one through five of the complaint will be dismissed with prejudice against Solacium. Because there is no alter ego liability claim pleaded in the complaint, the motion to dismiss will be denied insofar as it asks the court to dismiss such a claim.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 21st day of April, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE